# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN RANDALL FUTCH, | : | CIVIL ACTION NO. |
| BOP Reg # 08700-021, | : | 1:14-CV-02371-TWT-JSA |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DARLENE DREW, | : | PRISONER MANDAMUS ACTION |
| Respondent. | : | 28 U.S.C. § 1361 |

## **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

On July 23, 2014, the Clerk docketed Petitioner's mandamus petition, dated July 21, seeking relief from the conditions of his confinement in the Special Housing Unit ("SHU") at the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta"), which confinement had begun on July 17, 2014. (Doc. 1). On July 29, the Court ordered Petitioner to either pay the $400.00 filing fees in full or submit a financial affidavit and inmate account statement seeking leave to proceed *in forma pauperis*. (Doc. 2). On August 13, the Court received Petitioner's letter, dated August 8 (Doc. 3), "suggesting that he may not wish 'to proceed to the finality of the mandamus' because it's 'nothing more than a waste of the courts time.' " (Doc. 4 at 1 (quoting Doc. 3 at 1)). On September 8, the Court ordered Petitioner to show cause within 20 days "why this case should not be dismissed—either because he has failed to obey the Court's previous

Order or because he wishes to dismiss this case voluntarily as suggested in his August 8 letter." (*Id.*). The copy of the September 8 Order sent to Petitioner's address of record was returned as undeliverable on September 18, 2014.[1] (Doc. 5). To date, Petitioner has not responded to the Court's show cause order.

**IT IS RECOMMENDED** that this action be **DISMISSED without prejudice** because Petitioner has failed to obey two lawful orders and/or rules of this Court and on the basis of this record appears to abandon prosecution of this case.[2] *See* LR 41.3.A.(2), NDGa. The Clerk is **DIRECTED** to mail this Report and Recommendation to Petitioner at the Federal Transfer Center in Oklahoma City and to withdraw the reference to the undersigned Magistrate Judge.

---

[1] The Court takes judicial notice that Petitioner has been moved to the Federal Transfer Center in Oklahoma City, Oklahoma. *See* www.bop.gov/inmateloc/ for BOP Reg. # 08700-021(last visited Sept. 30, 2014).

[2] It also appears that Petitioner's claims are now moot, as he is no longer confined in the SHU at USP-Atlanta. "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the [petitioner] . . . meaningful relief, then the case is moot and . . . . dismissal is required because mootness is jurisdictional." *Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citation omitted); *see also Barrios-Bermudez v. United States AG*, 322 Fed. Appx. 787, 791 (11th Cir. 2009) (quoting *Najjar*, 273 F.3d at 1336, to the effect that " 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief' ").

2

**SO RECOMMENDED** this 30th day of September, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

3